UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:07-CR-92 |
| ) | (VARLAN/SHIRLEY) |
| FRANCISO MORALES ANGELES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant Francisco Morales Angeles's ("Angeles")[1] Amended Motion for Judgment of Acquittal and/or for New Trial (the "motion for acquittal or new trial") [Doc. 115], in which Angeles moves the Court for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Alternatively, Angeles moves the Court for a new trial pursuant to Federal Rules of Criminal Procedure Rule 33. Angeles also states that the grounds asserted in the motion for acquittal or new trial supplant and replace those previously set forth in Angeles's *Pro Se* Motion for New Trial (the "*pro se* motion") [Doc. 100]. The United States has responded in opposition [Doc. 116] to the motion for acquittal or new trial. There has been no reply. The Court has reviewed the pending motion and the response brief, all in light of the relevant and controlling law. For

---

[1] Francisco Morales Angeles has also been referred to periodically throughout this case as Juan Gonzales.

the reasons that follow, the *pro se* motion will be denied as moot and the motion for acquittal or new trial [Doc. 115] will be denied.

**I.     Background**

Angeles, along with co-defendant Jose Sanchez ("Sanchez"), was charged in an initial indictment [*see* Doc. 7], filed in August 2007, and a first superseding indictment, filed in October 2007 [*see* Doc. 49]. In September 2007, Angeles filed a motion to suppress statements made to law enforcement before or after his arrest [Doc. 38] on grounds that the statements were obtained in violation of the Fourth and Fifth Amendments. By report and recommendation [Doc. 59] issued on January 11, 2008, Magistrate Judge C. Clifford Shirley recommended denial of the motion to suppress. By memorandum and order [Doc. 63] issued on February 12, 2009, this Court affirmed the findings and recommendations of Magistrate Judge Shirley, overruled Angeles's objection [Doc. 60] to the report and recommendation, and denied the motion to suppress.

On May 26, 2009, Angeles proceeded to a jury trial before the Honorable Thomas A. Varlan, United States District Judge [*see* Docs. 92-96].[2] At the close of the government's proof, counsel for Angeles moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure [*see* Doc. 96; Doc. 112, pp. 21-24]. The Court denied the motion [Doc. 112, pp. 29-30]. On May 29, 2009, the jury returned the verdict, finding Angeles guilty on the following counts: count one, conspiracy to kidnap an individual and

---

[2] On May 26, 2009, Sanchez entered a guilty plea pursuant to a plea agreement in which he pled guilty to counts one, two, four, six, and seven of the first superseding indictment [Doc. 91].

to hold that person for ransom; count two, kidnapping of an individual and holding that person for ransom; count three, using a firearm during and in relation to the crimes of violence charged in counts one and two; count four, carjacking, with the intent to cause death and serious bodily harm; count five, using a firearm in and in relation to the crime charged in count four; count six, hostage-taking; and count seven, conspiracy to commit hostage-taking [*see* Docs. 224, 537]. Angeles filed the *pro se* motion soon after the verdict, followed by the motion for acquittal or new trial. In the motion for acquittal or new trial, Angeles states that the grounds contained in that motion supplant and replace those stated in the *pro se* motion. Accordingly, the Court will deny the *pro se* motion as moot.

In the motion for acquittal or new trial, Angeles asserts that the Court erred in denying his motion to suppress and allowing the admission of statements Angeles made to law enforcement officers shortly after his arrest. Angeles also asserts that the Court erred in denying his initial Rule 29 motion, made by counsel for Angeles following the close of the government's proof. Specifically, Angeles asserts that he could not be convicted of both the kidnapping charges, violations of 18 U.S.C. §§ 1201(a)(1), (a)(2), and (c) (count one and count two), and the hostage-taking charges, violations of 18 U.S.C. §§ 1203(a) and (b) (count six and count seven), because these charges are multiplicitous as the same proof supported each charge. Last, Angeles asserts that he was improperly convicted of more than one count charging him with use of a firearm in relation to a crime of violence.

## II. Analysis

### A. The Motion to Suppress

Angeles asserts that the Court erred in denying his motion to suppress [Doc. 38] and that he was prejudiced by the admission, at trial, of statements he gave to a law enforcement officer following his arrest. The Court addressed this issue in its prior memorandum and order [Doc. 63] overruling Angeles's objections to the Magistrate Judge's report and recommendation, and accepting the findings and recommendations of the Magistrate Judge. Angeles has cited no other facts, legal argument, citations to the record, or affidavits supporting this argument. Accordingly, for the reasons stated in the Court's previous memorandum and order denying the motion to suppress, because no other reasons have been given by Angeles, and because no argument has been advanced as to why the Court should deviate from its prior ruling—Angeles's argument regarding the motion to suppress is denied.

### B. Rule 29 and Rule 33

Angeles has not contested the sufficiency of the evidence produced at trial in general, but has only asserted specific arguments in relation to the proof offered to prove several specific charges. Thus, the Court need only review the proof and evidence submitted in relation to these specific arguments.

A Rule 29(c) motion for judgment of acquittal is a challenge to the sufficiency of the evidence, raised following a jury verdict or discharge. *See* Fed. R. Crim. P. 29(c). When reviewing a insufficiency of the evidence claim, a court must decide whether, after viewing

4

the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In undertaking this analysis, the court can neither independently weigh the evidence, nor judge the credibility of the witnesses who testified at trial. *See United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996), *cert. denied sub nom., Parker v. United States*, 519 U.S. 1134 (1997). After a review of the evidence, a court may conclude that a conviction is supported by sufficient evidence even though the circumstantial evidence does not "'remove every reasonable hypothesis except that of guilt.'" *United States v. Jones*, 102 F.3d 804, 807 (quoting *United States v. Clark*, 928 F.2d 733, 736 (6th Cir. 1991) (per curiam)). In making this evaluation, the sufficiency of the evidence must be viewed in terms of the entirety of the record. *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984). Circumstantial evidence standing alone may sustain a conviction so long as the totality of the evidence is substantial enough to establish guilt beyond a reasonable doubt. *Id.*

Alternatively, Angeles has brought this challenge by moving for a new trial pursuant to Federal Rule of Criminal Procedure Rule 33(a). *See* Fed. R. Crim. P. 33(a). A motion for a new trial under Rule 33(a) "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). Generally, a motion for a new trial under Rule 33(a) should only be granted "in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Hughes*, 505 F.3d at 593 (citation omitted). In considering a Rule 33(a) challenge

to a conviction based on the weight of the evidence, a court can "consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice. It has often been said that . . . [the judge] sits as a thirteenth juror." *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (internal quotation omitted).

Thus, while Rule 29(c) and Rule 33(a) deal with similar issues, the two rules are governed by different standards of review. On a motion for judgment of acquittal, pursuant to Rule 29(c), a court is required to approach the evidence from a standpoint most favorable to the government, and to assume the truth of the evidence offered by the prosecution. On a motion for new trial pursuant to Rule 33(a), the power of a court is much broader because a court may weigh the evidence and consider the credibility of the witnesses. *See* Charles Alan Wright, Nancy King & Susan Klein, Federal Practice and Procedure § 553 (3d ed. 2004). In light of the broader scope of Rule 33(a), the Court first addresses Angeles's arguments pursuant to that rule. Accordingly, because the Court finds that Angeles has not sustained his burden of showing his entitlement to a judgment of acquittal or new trial under Rule 33(a), the Court need not address Angeles's argument pursuant to Rule 29(c).

### C. Multiplicitous Charges

Angeles also argues that the Court erred in denying his Rule 29 motion made at trial and that he is entitled to a judgment of acquittal or a new trial. At trial, counsel for Angeles argued that proof which arguably could support a conviction under the kidnapping charges (count one and count two), was the same as proof which could arguably support the hostage-taking charges (count six and count seven) [Doc. 112, pp. 21-23]. Thus, counsel for Angeles

6

argued, the hostage-taking charges were duplicitous of the kidnapping charges because both involved the same proof.

Count one charged Angeles with conspiracy to kidnap an individual and to hold that person for ransom and count two charged Angeles with kidnapping of an individual and holding that person for ransom. *See* 18 U.S.C. §§ 1201(a)(1), (a)(2), (c). To prove a kidnapping offense, the government must prove, beyond a reasonable doubt, that the defendant knowingly and willing confined, kidnapped, abducted, or carried away the individual named in an indictment, that the defendant traveled in or used an instrumentality of interstate or foreign commerce in furtherance of the kidnapping offense, and that the defendant held the individual named in an indictment for ransom, reward, or benefit. *See* 18 U.S.C. § 1201(a)(1). In order to prove a conspiracy to kidnap, the government must prove, beyond a reasonable doubt, that two or more persons conspired to kidnap an individual and that one or more of the persons committed an overt act to effect the object of the conspiracy. *See* 18 U.S.C. § 1201(c).

Count six charged Angeles with hostage-taking and count seven charged Angeles with conspiracy to commit hostage-taking. *See* 18 U.S.C. §§ 1203(a)(b)(2), 2. To prove a hostage-taking offense, the government must prove, beyond a reasonable doubt, that the defendant detained or seized another person and, after detaining or seizing that person, the defendant threatened to kill, injure, or continue to detain that person for the purpose of compelling a third party to do an act. *See* 18 U.S.C. § 1203(a). The government must also prove that either the defendant or the person held was not a United States citizen at the time

7

of the offense. *See id*. The statute for aider and abetter liability provides that "[w]hoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principle [in the offense]." 18 U.S.C. § 2(a). Thus, in order to convict a defendant as an aider and abettor of the hostage-taking charge pursuant to 18 U.S.C. § 2, the government must prove, beyond a reasonable doubt: (1) that the offense of hostage-taking was committed; (2) that the defendant in some way aided or abetted someone else to commit the hostage-taking offense; and (3) that the defendant intended to commit the hostage-taking offense.

Two offenses are different if each offense requires proof of an element that the other does not. *See, e.g., United States v. Martin*, 95 F.3d 406, 408 (6th Cir. 1996) (discussing the "same elements" test in the context of a double jeopardy issue). In this case, the hostage-taking charge involved an element that the kidnapping charge did not. The hostage-taking charge specifically required the element of a third party—that the purpose of Angeles's conduct in the hostage-taking was to compel a third party to do an act. In this case, the government put forward proof that a condition of the victim's release was that a third party, a friend of the victim, was required to pay money.

The kidnapping charge, on the other hand, does not contemplate or require any conduct or lack thereof by a third party. Rather, the victim must only be held for "ransom or reward, or otherwise." 18 U.S.C. § 1201(a)(1). In this case, while both the kidnapping and the hostage-taking charges involved the payment of money by the victim, the hostage-

taking charge required that a third-party be compelled to do an act, something the kidnapping charge did not. In other words, without the government's proof of the third party element, Angeles could have been convicted of the kidnapping charge, but not the hostage-taking charge. However, because the government put on proof of a third party being compelled to do an act, namely, that a friend of the victim in Texas pay money, this element was satisfied.

In sum, the charges, while similar, require a separate element of proof which make the charges separate and independent of one another. Angeles has not argued that any of the evidence presented by the government to support these charges was insufficient or that the government failed to prove these charges beyond a reasonable doubt. Accordingly, the Court finds that the jury's verdict regarding the kidnapping charges, count one and count two, and the jury's verdict regarding the hostage-taking charges, count six and count seven, was not against the manifest weight of the evidence. Accordingly, this argument is denied.

      **D.**      **Firearms Convictions**

Angeles also argues that he was improperly convicted of count three and count five, which charged him with the use of a firearm during and in relation to the kidnapping charges (count one and count two) and the carjacking charge (count four). Angeles was acquitted of count eight, which charged him with use of a firearm during and in relation to the hostage-taking charges. In order to prove a conviction for a violation of 18 U.S.C. § 924(c), the government must prove, beyond a reasonable doubt, that the defendant committed the crime, the crime was a crime of violence, the defendant knowingly possessed a firearm, and that the defendant's possession of that firearm was in furtherance of the crime of violence. *See* 18

9

U.S.C. § 924(c). The elements of a kidnapping charge are described in the preceding section. To prove a carjacking charge, the government must prove, beyond a reasonable doubt, that the defendant, by force or by intimidation, took a motor vehicle from the person or presence of another, the vehicle having previously traveled in interstate or foreign commerce, and that the defendant intended to cause death or serious bodily harm at the time he took the vehicle. *See* 18 U.S.C. § 2119.

In this case, the government put forth proof that Angeles was a passenger in the victim's car when Angeles used a firearm to force the victim into the backseat. Angeles took control of the car and drove it to a wooded area where he forced the victim out of the car, bound him, and had Sanchez stand guard over him while Angeles left to cash a check he had forced the victim to write. Angeles then returned to the wooded area, got the victim, and drove to a motel where the victim was held hostage for nine days. Presented with this proof, the jury found that Angeles committed both a kidnapping offense and a carjacking offense and that a firearm was used in furtherance of both offenses. Angeles argues that because the victim testified that the only time he saw the firearm was in the initial confrontation with Angeles in the car, the proof supported only one conviction under 18 U.S.C. § 924(c) [Doc. 112, pp. 21-22].

The Court does not agree. While the proof that makes up the kidnapping charge and the carjacking charge may have consisted of some of the same evidence and the offenses may have begun at similar times, the offenses are separate. In other words, the carjacking charge did not necessarily have to progress to the kidnapping charge. Angeles could have carjacked

10

the victim's car, using a firearm in furtherance of that crime, without kidnapping the victim. Similarly, Angeles could have kidnapped the victim, using a firearm, without carjacking the victim. For instance, the elements of a hostage-taking charge are also separate and Angeles was acquitted of using a firearm in furtherance of that crime. However, the proof presented by the government was that Angeles not only used a firearm in connection with the carjacking of the victim's car, but Angeles also used a firearm to kidnap the victim for ransom, a reward, or otherwise—acts that make up the kidnapping offense. While a carjacking does not necessarily led to a kidnapping, the fact that, in this case, one offense followed the other does not make the charges the same.

In sum, the firearms charges arose out of separate offenses for which there was independent proof. Angeles has not argued that any of the evidence presented by the government to support the underlying charges or the firearms charges was insufficient or that the government failed to prove these charges beyond a reasonable doubt. Accordingly, the Court finds that the jury's verdict regarding the firearms charges in relation to the kidnapping and the carjacking offenses, count three and count five, was not against the manifest weight of the evidence. Accordingly, this argument is also denied.

### III. Conclusion

Thus, because the Court has been given no reason to revisit its prior ruling on the motion to suppress, found no error in the Court's denial of the argument that the kidnapping charges and hostage-taking charges were multiplicitous, found no error in the Court's denial of the argument that the proof at trial could not support more than one firearms offense, and

because Angeles has not advanced any other argument that the verdict was against the manifest weight of the evidence or any extraordinary circumstances exist that would justify a judgment of acquittal or new trial, Angeles's Amended Motion for Judgment of Acquittal and/or for New Trial [Doc. 115] is hereby **DENIED**. Further, because counsel for Angeles stated that the motion for acquittal or new trial supplanted and replaced Angeles's *Pro Se* Motion for New Trial [Doc. 100], that motion is hereby **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
